# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**JOSEPH M. GASVODA,**
**Claimant Below, Petitioner**

**FILED**
**February 2, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 22-ICA-108**      (BOR Appeal No. 2058181)
                                (JCN: 2019025668)

**MURRAY AMERICAN ENERGY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Claimant Joseph M. Gasvoda appeals from the August 22, 2022, decision of the Workers' Compensation Board of Review ("Board") that affirmed the Office of Judges'("OOJ") decision upholding four protested claim administrator orders. These orders related to recognition of additional compensable diagnoses, denial of right wrist injections, closure of temporary total disability benefits ("TTD"), and a permanent partial disability ("PPD") award. Employer Murray American Energy, Inc.[1] ("Murray American") timely filed a response.[2]  Mr. Gasvoda then filed a reply and a motion to remand.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the Board's decision but no substantial question of law. For those reasons, this case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for resolution in a memorandum decision. As explained below, we affirm in part, reverse in part, and remand the matter to the Board with directions as set forth herein. We also grant Mr. Gasvoda's motion for remand.

In 2005, Mr. Gasvoda sustained a right wrist injury while playing high school football. This injury required four corner fusion surgery that was performed by Dr. Charles

---

[1] For reasons not readily apparent in the appendix record, the employer identifies itself as "Marshall County Coal Resources, Inc." despite being identified below as "Murray American Energy, Inc." Consistent with the action of the Supreme Court of Appeals of West Virginia in *Delbert v. Murray Am. Energy, Inc.*, ___ W. Va. ___, ___, 880 S.E.2d 89, 91 n.1 (2002), we use the name of the employer as designated in the order on appeal: Murray American Energy, Inc.

[2] Mr. Gasvoda is represented by M. Jane Glauser, Esq., and Murray American is represented by Aimee M. Stern, Esq.

Tracy, M.D. in 2006. On June 3, 2019, Mr. Gasvoda sustained a compensable injury to his right wrist while working for Murray American. On June 13, 2019, the claim administrator held Mr. Gasvoda's claim compensable for right wrist sprain.

On July 17, 2019, Mr. Gasvoda was evaluated by Dr. Tracy. He noted that Mr. Gasvoda reported consistent pain over the ulnar aspect of his wrist since the compensable injury. Dr. Tracy recommended a right wrist arthroscopy to evaluate the triangular fibrocartilage complex ("TFCC") and ulnar triquetral ligament on the volar ulnar aspect of the wrist. On September 3, 2019, Dr. Tracy performed the right wrist arthroscopy, identifying a tear of the volar radial carpal ligament and no TFCC rupture. On October 22, 2019, Dr. Tracy surgically repaired the radiolunate ligament of the right wrist.

Mr. Gasvoda underwent an independent medical examination ("IME") on February 5, 2020, performed by Dr. Prasadarao Mukkamala, M.D. In his report, Dr. Mukkamala diagnosed a "sprain right wrist, status post repair of the radio lunate ligament." With respect to maximum medical improvement ("MMI"), Dr. Mukkamala opined that he would tentatively place Mr. Gasvoda at MMI no later than February 24, 2020. Applying the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) ("*Guides*"), Dr. Mukkamala found that Mr. Gasvoda had a whole person impairment ("WPI") of 5%, apportioning the entire 5% to the football injury and 0% to the compensable injury.

On February 21, 2020, Mr. Gasvoda was released to return to work without restriction and Mr. Gasvoda briefly resumed his employment with Murray American. However, on March 9, 2020, Dr. Tracy removed Mr. Gasvoda from work following complaints of swelling and pain in the right wrist and at the radiocarpal joint. On June 5, 2020, Dr. Tracy noted that Mr. Gasvoda continued to complain of pain over the ulnar aspect of the right wrist with pain and discomfort caused by flexion and extension, and radial and ulnar deviation. Dr. Tracy concluded that a total wrist arthrodesis fusion surgery would be the most effective treatment. On June 10, 2020, Dr. Mukkamala performed a subsequent IME of Mr. Gasvoda and determined that Mr. Gasvoda had not reached MMI and agreed with Dr. Tracy's surgical recommendation. Dr. Tracy performed the total wrist arthrodesis fusion surgery on July 14, 2020.

Dr. Mukkamala performed an IME of Mr. Gasvoda on January 7, 2021. He found Mr. Gasvoda had reached MMI and did not require any further treatment. Applying the *Guides*, Dr. Mukkamala placed Mr. Gasvoda at 17% WPI based on the football and compensable injuries. Regarding apportionment, Dr. Mukkamala concluded that the 2005 football injury was more substantial, requiring his prior 5% apportionment be increased to 8%, leaving 9% WPI for the compensable injury.

On January 8, 2021, the claim administrator issued a letter informing Mr. Gasvoda that his TTD benefits were suspended because of Dr. Mukkamala's finding of MMI.

Subsequently, on January 13, 2021, the claim administrator issued a decision granting Mr. Gasvoda 9% PPD. Mr. Gasvoda's TTD benefits were closed by the claim administrator on February 16, 2021.

According to Dr. Tracy's notes following an appointment on February 8, 2021, Mr. Gasvoda had reached MMI for his compensable injury and would be a good candidate for vocational rehabilitation. On this same day, claimant also followed up with Ross Tennant, FNP at Corporate Health. Nurse Tennant also concluded that Mr. Gasvoda had reached MMI.

On March 4, 2021, Mr. Gasvoda's counsel submitted a written request for a diagnosis update of Mr. Gasvoda's claim. Based upon the medical records, it was requested that possible TFCC, right wrist pain, tear volar radial carpal ligament, right wrist radiocarpal ligament tear, and right wrist radiocarpal ligament tear be approved as additional compensable diagnoses. Attached to counsel's request was a copy of a diagnosis update request from Dr. Tracy for right wrist pain. On April 9, 2021, the claim administrator approved the addition of "traumatic rupture of other ligament of right wrist." This was based on the claim administrator's review of Dr. Tracy's September 30, 2019, and October 22, 2019, reports.

On May 28, 2021, Mr. Gasvoda returned to Dr. Tracy with complaints of pain and parethesias in his right extremity. Dr. Tracy reported that Mr. Gasvoda may have tendinosis of the extensor capri ulnaris ("ECU") and extensor digit quinti minimi. Dr. Tracy further indicated the symptoms were suspicious for ulnar compressive neuropathy, most likely at the cubital tunnel. Dr. Tracy administered a steroid injection into the ECU sheath, and prescribed medication and a splint. On this day, Dr. Tracy requested authorization for an injection of the right wrist. However, on June 10, 2021, the claim administrator denied authorization based upon Dr. Mukkamala's January 7, 2021, report that opined Mr. Gasvoda did not require any additional treatment for his injury.

A supplemental report was issued by Dr. Mukkamala on August 23, 2021, regarding Mr. Gasvoda's diagnosis update request. Dr. Mukkamala opined that the proper diagnosis was a right wrist sprain. His report acknowledged that Dr. Tracy surgically repaired the tear of the volar radial carpal ligament, and the claim administrator accepted the claim for the secondary condition based on Dr. Tracy's reports. Dr. Mukkamala further opined that all conditions that could be causally related to the compensable injury had been approved, and there was no basis to add any other conditions to the claim. Dr. Mukkamala also noted he considered the right wrist sprain and traumatic rupture of ligaments when he assigned 9% WPI, and because Mr. Gasvoda had reached MMI, the claim should be closed.

Mr. Gasvoda timely appealed the claim administrator's orders regarding additional compensable diagnoses, denial of right wrist injections, closure of TTD, and the 9% PPD

3

award to OOJ. By order dated March 25, 2022, the OOJ affirmed each of those claim administrator rulings.

Regarding additional diagnoses, the OOJ found no diagnosis update or other medical documentation had been submitted by a physician requesting the conditions of TFCC and tear of the volar radial carpal ligament of the right wrist be added to the claim as compensable conditions. Opining that West Virginia Code of State Rules § 85-20 (2006) ("Rule 20") only permits a treating physician to request a diagnosis update, the OOJ concluded that the March 4, 2021, diagnosis update request submitted by Mr. Gasvoda's counsel could not be considered. The OOJ also found that while Mr. Gasvoda's request included a copy of diagnosis update from Dr. Tracy, it only requested right wrist pain be added to the claim. The OOJ denied right wrist pain, noting that case law clearly established that pain is a symptom, not a diagnosis, and therefore it could not be added to the claim. The OOJ also concluded that even though the claim administrator authorized surgery to repair the tear of the volar carpal ligament of the right wrist, the compensability of that condition and condition of possible TFCC had yet to be ruled upon by the claim administrator.

Addressing the claim administrator's denial of Dr. Tracy's request for right wrist injections, the OOJ recognized that West Virginia Code § 23-4-3 (2005) and Rule 20 require the claim administrator to provide medically related and reasonably required medical treatment, health care or healthcare goods and services, and that treatment must be for an injury or diseases received during or because of claimant's employment. However, the OOJ found the medical evidence indicated that Dr. Tracy's injection was for the conditions of tendinosis of the extensor carpi ulnaris and extensor digit quinti minimi, and/or ulnar nerve compression neuropathy. The OOJ found that none of those conditions had been requested or found to be compensable in the current claim. Based on both Dr. Mukkamala's and Dr. Tracy's findings that Mr. Gasvoda had reached MMI, the OOJ concluded that the requested injection was not causally related to the compensable injury.

Next, with respect to the suspension and closure of Mr. Gasvoda's TTD benefits, the OOJ observed that pursuant to West Virginia Code § 23-4-7a (2005), TTD benefits are not available once a claimant reaches MMI, returns to work, or is released to return to work. Here, the OOJ found that Mr. Gasvoda had reached MMI at the time his TTD compensation ended.

Lastly, regarding PPD, the OOJ found that Mr. Gasvoda was awarded 9% PPD based upon the findings contained in Dr. Mukkamala's January 7, 2021, report. The OOJ rejected claimant's argument that the PPD award was premature, noting that because Mr. Gasvoda was found to be at MMI and his TTD was properly closed, his claim was mature for a PPD determination. Although Mr. Gasvoda argued that based upon Dr. Mukkamala's February 5, 2020, and January 7, 2021, reports he should have been granted 12% WPI, the

OOJ rejected this assertion on the basis that Dr. Mukkamala's report finding 9% WPI for the compensable injury was the only PPD evidence before the tribunal for consideration.

Mr. Gasvoda timely appealed the OOJ's ruling to the Board. On August 22, 2022, the Board entered an order adopting the findings and conclusions of the OOJ that had affirmed the four decisions of the claim administrator.[3] Mr. Gasvoda now appeals the Board's order to this Court.[4]

While Mr. Gasvoda's appeal was pending before this Court, the claim administrator issued an order on November 3, 2022, approving a diagnosis update to add the condition of "other specified disorders of tendon, right wrist," as a secondary condition to his claim. This was in response to a diagnosis update that was requested, but not yet ruled upon by the claim administrator at the time of the OOJ's March 25, 2022, ruling. Following the claim administrator's decision, Mr. Gasvoda filed his motion for remand asking this Court to remand the case to the Board for further evidentiary development.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

---

[3] The Board's order adopted the OOJ's findings and conclusions but did so with minor corrections to clerical errors contained in the OOJ's order.

[4] We note that both Mr. Gasvoda and Murray American's briefs fail to comply with our Rules of Appellate Procedure. For example, Mr. Gasvoda's brief does not comport with Rules 10(c) and 12(e), in that it does not contain a table of contents; the statement of the case is not limited to a concise account of the procedural history and relevant facts; and Mr. Gasvoda's appendix is not paginated as required by Rule 7(b) and does not conform to the general requirements for appendices under Rule 7(c). We also note that Mr. Gasvoda's brief is convoluted with excessive italics, underlining, bold print font, and verbatim recitations of the content from multiple documents in the appendix making its arguments hard to ascertain and follow.

Likewise, Murray American's brief does not comply with Rules 10(c) and 12(h). The table of contents does not include reference to each section contained in the brief; and the argument section fails to make any citation to the appendix record to support its arguments. Further, Murray American's appendix is not paginated as required by Rule 7(b) and does not conform to the general requirements for appendices under Rule 7(c).

All counsel are directed to comply with the requirements of our Rules of Appellate Procedure in all future filings with this Court.

The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:

(1) In violation of statutory provisions;

(2) In excess of the statutory authority or jurisdiction of the Board of Review;

(3) Made upon unlawful procedures;

(4) Affected by other error of law;

(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cty. Comm'n*, No. 22-ICA-10, ___W. Va. ___, ___ S.E.2d ___, 2022 WL 17546598, at *4 (Ct. App. Dec. 9, 2022). Further, based upon Mr. Gasvoda's motion for remand, we are also mindful of West Virginia Code § 23-5-12a(d) (2022), that states, in part:

Instead of affirming, reversing, or modifying the decision of the Workers' Compensation Board of Review, the Intermediate Court of Appeals may, upon motion of any party or upon its own motion, for good cause shown, to be set forth in the order of the court, remand the case to the Board of Review for the taking of such new, additional, or further evidence as in the opinion of the court considers necessary for a full and complete development of the facts of the case.

On appeal, Mr. Gasvoda seeks relief in two ways. He seeks reversal of the four claim administrator's orders that were upheld below. Likewise, based upon the November 3, 2022, decision of the claim administrator, Mr. Gasvoda asks this Court to remand the matter to the Board for further evidence and review of all of his compensable diagnoses and their respective treatments. After review, we find disposition of this matter to be straightforward.

We agree that Mr. Gasvoda's March 4, 2021, diagnosis update request for the addition of right wrist pain as a compensable condition was properly denied. As correctly observed below, our state's highest court has repeatedly held that pain is a symptom, not a diagnosis. *See, e.g.*, *Harpold v. City of Charleston*, No. 18-0730, 2019 WL 1850196, at *3 (W. Va. Apr. 25, 2019) (memorandum decision) (holding that left knee pain is a symptom, not a diagnosis, and therefore cannot be added to a claim); *Radford v. Panther Creek Mining, LLC*, No. 18-0806, 2019 WL 4415245, at *3 (W. Va. Sept. 13, 2019) (memorandum decision) (holding that neck and shoulder pain cannot be added to a claim

6

as they are symptoms, not diagnoses); *Whitt v. U.S. Trinity Energy Serv., LLC*, No. 20-0732, 2022 WL 577587, at \*3 (W. Va. Feb. 25, 2022) (memorandum decision) (holding that because no physician has made a specific diagnosis in regard to the shoulders other than pain, they cannot be added to the claim). Therefore, we affirm the ruling on right wrist pain.

However, we find the Board clearly erred in affirming the OOJ's decision to deny the remaining diagnoses requested by Mr. Gasvoda's counsel. The OOJ ruled that Rule 20 only permits a treating physician to make such a request. Yet, that conclusion is contrary to the holding in *Huntington Alloys Corp. v. Cassady*, No. 16-0568, 2017 WL 1788940 (W. Va. May 5, 2017) (memorandum decision). In *Huntington*, the Supreme Court of Appeals explained that "West Virginia Code of State Rules § 85-20 does not prohibit the submission of a request for the addition of a compensable condition by the claimant or the claimant's representative." *Id.* at \*3. As such, the finding below that Mr. Gasvoda's diagnosis update request was foreclosed because it was requested by his counsel must be reversed and remanded for further consideration.

Likewise, we are of the opinion that the claim administrator's November 3, 2022, decision aids our resolution of the remaining issues regarding right wrist injections, PPD, TTD, and the motion for remand. Given the recent addition of a new compensable diagnosis to Mr. Gasvoda's claim, we find that he is entitled to a new IME to collectively consider his compensable conditions. *See* Syl. Pt. 5, in part, *Hammons v. West Virginia Off. of Ins. Com'r*, 235 W. Va. 577, 775 S.E.2d 458 (2015) (holding that when additional compensable injury is added to existing claim, a claimant is entitled to new IME to consider all compensable conditions); *Fisher v. Wheeling Hosp., Inc.*, No. 11-1410, 2013 WL 3481678, at \*1 (W. Va. July 11, 2013) (memorandum decision) (holding that claimant is entitled to new IME evaluation when compensable conditions are added to existing claim). Therefore, we grant Mr. Gasvoda's motion for remand.

Because we have determined that Mr. Gasvoda is entitled to a new IME, we must necessarily reverse and remand the issue of the denial of right wrist injections because the requisite treatment for his new compensable condition is yet to be determined. Further, because of the new diagnosis and impending IME, there is no longer a medical finding that Mr. Gasvoda has reached MMI for his compensable conditions. As a result, any prior PPD rating for his claim must now be considered premature. Therefore, we reverse Mr. Gasvoda's prior PPD award, finding that until such time as Mr. Gasvoda is found to be at MMI for all compensable conditions, his claim is not in the appropriate posture for a PPD rating.

We also find that Mr. Gasvoda is entitled to reinstatement of his TTD benefits. As previously set forth, TTD benefits are not available once a claimant either reaches MMI, is released to return to work, or returns to work. *See* W. Va. Code § 23-4-7a. Here, Mr. Gasvoda's TTD benefits were closed because Dr. Tracy and Dr. Mukkamala found him to

have reached MMI. However, that MMI finding was prior to the claim administrator's approval of a new compensable diagnosis, for which a finding of MMI has yet to be made. Moreover, there is no evidence that Mr. Gasvoda's treating physician has released him to return to work or that he has otherwise returned to work. Because none of the statutory requirements for closing TTD presently exist, Mr. Gasvoda is entitled to reinstated TTD benefits.

Accordingly, the Board's order is affirmed in part, reversed in part, and remanded to the Board with directions. We affirm the denial of right wrist pain as a compensable condition. We reverse and remand the denial of right wrist injections, the denial of the remaining conditions in the diagnosis update request, the specific PPD rating, and the closure of TTD. In addition, we grant Mr. Gasvoda's motion to remand for a new IME.

The Court recognizes that since the initial rulings in this case, the review process for workers' compensation claims has changed. West Virginia Code § 23-5-8a(a) (2022) provides that,

> [t]he Workers' Compensation Office of Administrative Law Judges, referred to as the Office of Judges, shall terminate on or before October 1, 2022, as provided in §23-5-8b of this code. All powers and duties of the Office of Judges to review objections, protests, or any other matter authorized by this chapter, shall be transferred to the Workers' Compensation Board of Review on July 1, 2022: *Provided*, That any objection or other matter filed pursuant to this chapter and pending before the Office of Judges upon its termination, in which a final decision has not been issued, shall also be transferred to the Workers' Compensation Board of Review as provided in §23-5-8b of this code.

Therefore, we remand this matter to the Board with directions to determine whether any of the remaining conditions in the March 4, 2021, diagnosis request by Mr. Gasvoda's counsel are compensable. Upon such determination, the Board shall arrange for Mr. Gasvoda to undergo a new IME to consider all compensable conditions, their treatments, and when appropriate, to determine PPD related to the compensable injury. We reinstate Mr. Gasvoda's TTD benefits from January 8, 2021, the date the benefits were suspended by the claim administrator, and extend those benefits so long as medical evidence shows Mr. Gasvoda remains under a temporary total disability or until he reaches MMI. Furthermore, we direct that none of the relief granted herein shall be considered by any tribunal or claim administrator as a reopening of a prior award under West Virginia Code 23-4-16(a)(1) (2005).

Affirmed in part, Reversed in part, and Remanded with Directions.

**ISSUED:** February 2, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen